UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CINDY T. MASSEY,

        Plaintiff,

v.

BAC HOME LOANS SERVICING LP, *et al.*

        Defendants.

CASE NO. C12-1314JLR

ORDER

## I.   INTRODUCTION

This matter comes before the court on Defendants Bank of America, N.A.'s ("BANA") and Northwest Trustee Services, Inc.'s ("NWTS") motions to dismiss for failure to state a claim upon which relief can be granted. (BANA Mot. (Dkt. # 12); NWTS Mot. (Dkt. #14).) BANA and NWTS request that the court dismiss with prejudice Plaintiff Cindy T. Massey's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Having considered the motions, as well as all papers filed in

ORDER- 1

support and opposition, the court GRANTS in part and DENIES in part the motions to dismiss (Dkt. ## 12, 14).

## II. BACKGROUND

**A.  The Washington Deed of Trust Act**

In 1965, the Washington legislature enacted the Deed of Trust Act ("DTA"), which created and governs statutory deeds of trust in Washington. Wash. Laws of 1965, ch. 74; *see* 18 William B. Stoebuck & John W. Weaver, WASHINGTON PRACTICE, REAL ESTATE: TRANSACTIONS § 20.1, at 403 (2d ed. 2004) (hereinafter "STOEBUCK & WEAVER"). A deed of trust is a form of three-party mortgage, involving not only a lender and a borrower, but also a neutral third party called a trustee. *See Buse v. First Am. Title Ins. Co.*, No. C08-0510MJP, 2009 WL 1543994, at *1 (W.D. Wash. May 29, 2009); 18 STOEBUCK & WEAVER, § 20.1 at 403; John A. Gose, THE TRUST DEED ACT IN WASHINGTON, 41 WASH. L. REV. 94, 96 (1966). As Professors Stoebuck and Weaver explain, "[a] borrower or obligor incurs a debt or other obligation to a 'beneficiary' and, as security for that obligation, the 'grantor' conveys an estate in land to a third-party 'trustee.'" 18 STOEBUCK & WEAVER, § 20.1 at 403. The trustee holds an interest in the title of the grantor's property on behalf of the lender, otherwise known as the beneficiary.

The DTA establishes the procedures and requisites for nonjudicial foreclosure. In enacting the DTA, the Washington legislature sought to promote three primary goals: "(1) that the nonjudicial foreclosure process should be efficient and inexpensive; (2) that the process should result in interested parties having an adequate opportunity to prevent wrongful foreclosure; and (3) that the process should promote stability of land titles."

*Plein v. Lackey*, 67 P.3d 1061, 1065 (Wash. 2003); *see Cox v. Helenius*, 693 P.2d 683, 686 (Wash. 1985); Joseph L. Hoffman, Comment, COURT ACTIONS CONTESTING THE NONJUDICIAL FORECLOSURE OF DEEDS OF TRUST IN WASHINGTON, 59 WASH. L. REV. 323, 330 (1984). In the event the borrower defaults on his or her debt or other obligation, the beneficiary may direct the trustee to foreclose pursuant to a nonjudicial trustee's sale.

**B.     Factual Background**

This case involves alleged violations of the statutory requirements governing the nonjudicial foreclosure of a deed of trust. Plaintiff Cindy Massey is a woman residing in Duvall, Washington. (Not. Of Removal (Dkt. # 1 Ex. A (Compl.)) at ¶ 3.1.) On June 12, 2008, Ms. Massey obtained a $357,200 mortgage loan ("Loan"), through an executed Interest-Only Period Fixed Rate Note ("Note"), to finance her residence in Duvall. (*Id.* ¶ 3.2.) The Deed of Trust ("DOT") securing the Loan identifies Countrywide Bank, FSB ("Countrywide") as the lender, LS Title of Washington as the trustee, and Mortgage Electronic Registration Services, Inc. ("MERS") as the beneficiary and "nominee of the lender and lender's successors and assigns." (Compl. Ex. 1 (DOT) at 20-21.) By a document recorded December 1, 2010, MERS assigned its interest in the DOT to BANA,[1] which then appointed NWTS as successor trustee. (Compl. Ex. 5 (Assignment of DOT) at 45; Compl. Ex. 7 (Appointment of Successor Trustee) at 49.)

---

[1] Shortly after Ms. Massey obtained her mortgage, Countrywide was purchased by BANA and, on July 1, 2011, BAC Home Loans Servicing, L.P. ("BAC") merged with BANA. (BANA Mot. at 3).

ORDER- 3

An Amended Notice of Trustee's Sale was filed on May 25, 2012, with a sale date of July 6, 2012. (Compl. Ex. 8 (Amended Notice of Trustee's Sale) at 50.) The sale was discontinued upon the filing of this action. (Resp. (Dkt. # 20) at 7.)

Ms. Massey's complaint contains eight causes of action: (1) wrongful foreclosure under Washington's Deed of Trust Act, RCW Chapter 61.24; (2) violations of Washington's Consumer Protection Act ("CPA") RCW Chapter 19.86; (3) negligence and breach of the duty of good faith and fair dealing; (4) a request for injunctive relief preventing the nonjudicial foreclosure of the property; (5) a request for declaratory judgment; (6) slander of title; (7) quiet title; and (8) predatory lending. (*See generally* Compl.) BANA removed this action to federal court, citing diversity jurisdiction. (Not. of Removal (Dkt. # 1).) BANA and NWTS now move for dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

### III.     ANALYSIS

**A.     Legal Standard**

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "the court is to take all well-pleaded factual allegations as true and to draw all reasonable inferences therefrom in favor of the plaintiff." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998). Facts alleged in the complaint are assumed to be true. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1030 n.1 (9th Cir. 2002). The issue to be resolved on a motion to dismiss is whether the plaintiff is entitled to continue the lawsuit to establish the facts alleged, not

ORDER- 4

whether the plaintiff is likely to succeed on the merits. *See Marksman Partners L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297, 1304 (C.D. Cal. 1996).

A complaint must provide more than a formulaic recitation of the elements of a cause of action and must assert facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Ninth Circuit has summarized *Twombly's* plausibility standard to require that a complaint's "nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 677.

**B.     Wrongful Foreclosure Under the Washington DTA**

The DTA permits the borrower or grantor, among others, to restrain a trustee's sale by court action "on any proper legal or equitable ground." RCW 61.24.130(1); *see Brown v. Household Realty Corp.*, 189 P.3d 233, 235 (Wash. Ct. App. 2008); 18 STOEBUCK & WEAVER § 20.13, at 424-26; 27 Marjorie Dick Rombauer, WASHINGTON PRACTICE: CREDITORS' REMEDIES —DEBTORS' RELIEF § 3.62 (2008) (hereinafter "ROMBAUER"). The DTA does not define what constitutes proper grounds for restraint. The statutory language, however, suggests a broad scope. As one commentator explains:

> Presumably "proper grounds" would include defenses to the default(s) such as payments having been made, lender liability issues, fraud, usury, violation of truth in lending and consumer protection laws. "Proper grounds" should also refer to non-technical flaws in the foreclosure process—is the land used for agricultural purposes, is the alleged default

>actually a default under the terms of the documents, or have errors been made in identifying the documents, real property, and defaults which are of sufficient magnitude to cause real confusion.

27 ROMBAUER § 3.62.  Courts must condition any restraint of the trustee's sale on the applicant paying the clerk of court "the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed." RCW 61.24.130(1). Absent an interested party curing the default, "[t]his statutory procedure is 'the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure.'" *Plein*, 67 P.3d at 1066 (quoting *Cox*, 693 P.2d at 686); *see Brown*, 189 P.3d at 235-36.  A grantor's or beneficiary's failure to take advantage of the presale remedies under the DTA may result in waiver of their right to object to the trustee's sale. RCW 61.24.040(1)(f)(IX); *Plein*, 67 P.3d at 1066-67.

In her complaint, Ms. Massey alleges a claim for wrongful foreclosure against Chase and MERS.  (Compl. ¶¶ 4.1-4.6.)  In support of this claim, Ms. Massey marshals a range of alleged problems connected with the Deed of Trust, the Note, and the nonjudicial foreclosure process, including:  (1) that MERS cannot hold a beneficial interest in the DOT; (2) that the assignment from MERS to BANA did not assign any beneficial interest; (3) that BANA does not hold the Note; and (4) that NWTS never verified who actually held the note before initiating the foreclosure process.  (*Id.*)  Ms. Massey, however, does not contest her default under the Note and concedes that the trustee's sale has been discontinued.  (*Id.* ¶ 3.9; Resp. at 30.)

In Washington, the DTA does not authorize a cause of action for damages for the wrongful institution of nonjudicial foreclosure proceedings where no trustee's sale

occurs. *See Pfau v. Wash. Mutual, Inc.*, No CV-08-00142-JLQ, 2009 WL 484448, at *12 (E.D. Wash. Feb. 24, 2009); *Krienke v. Chase Home Fin., LLC*, 2007 WL 2713737, at *5 (Wash. Ct. App. 2007); *see also Henderson v. GMAC Mortgage Corp.*, No. C05-5781RBL, 2008 WL 1733265, at *5 (W.D. Wash. Apr. 10, 2008) (holding that plaintiff's claim for wrongful foreclosure under the DTA failed because, *inter alia*, no foreclosure occurred). In both *Pfau* and *Krienke*, the courts rejected the argument that a grantor can maintain a damages claim for wrongful institution of nonjudicial foreclosure proceedings where no trustee's sale actually occurs. These courts underscored their view that there is simply no statutory authority or case law to support such a damages claim. As the *Krienke* court explained:

> [T]here is no case law supporting a claim for damages for the *initiation* of an allegedly wrongful foreclosure sale. Moreover, there is no statutory basis supporting a claim for damages for wrongful *institution* of foreclosure proceedings. On the contrary, courts promote the [DTA's] objectives, declining to invalidate completed sales even where trustees have not complied with the statute's technical requirements.

*Krienke*, 2007 WL 2713737, at *5 (emphasis in original).

Here, the court agrees with the reasoning of *Pfau* and *Krienke* and concludes that Ms. Massey has failed to plead a viable claim under the DTA and Washington law. Ms. Massey's cause of action, though styled in the complaint as a claim for wrongful foreclosure, is properly construed as a claim for wrongful institution of nonjudicial foreclosure proceedings since the trustee's sale was discontinued. *See id.* When viewed in this light, Ms. Massey's claim fails as a matter of law.

ORDER- 7

Ms. Massey has not identified any statutory provision of the DTA that permits a cause of action for wrongful institution of foreclosure proceedings. Standing alone, the fact that the DTA establishes procedures and requisites for the nonjudicial foreclosure process does not necessarily give rise to a cause of action. Ms. Massey also fails to point to any case law supporting her interpretation of the DTA. Simply put, Ms. Massey has not shown any reason to depart from the *Krienke* court's conclusion that "there is no statutory basis supporting a claim for damages for wrongful institution of foreclosure proceedings." *Krienke*, 2007 WL 2713737, at *5.

The court is mindful that lenders must strictly comply with the DTA because the nonjudicial foreclosure process removes many protections borrowers and grantors have under a mortgage. *Amresco Independence Funding, Inc. v. SPS Properties, LLC*, 119 P.3d 884, 886 (Wash. Ct. App. 2005). Nevertheless, for the reasons discussed above, it does not follow that a grantor or borrower can maintain a cause of action for damages for violation of the DTA where the trustee's sale is discontinued. Therefore, the court concludes that BANA and NWTS have established on the face of the complaint that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law with respect to Ms. Massey's cause of action for wrongful foreclosure.

**C.     Violation of the Washington Consumer Protection Act**

To prevail on a CPA action, the plaintiff must show "(1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; and (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (1986). BANA and

ORDER- 8

NWTS do not dispute all of the elements; we will consider only the three that they address. (BANA Mot. at 14; BANA Reply (Dkt. # 23) at 6-7; NWTS Mot. at 7-9; NWTS Reply (Dkt. # 22) at 6-7.)

### 1. Unfair or Deceptive Act or Practice

To prove that an act or practice is deceptive, neither intent nor actual deception is required. *Hangman Ridge*, 719 P.2d at 785. The question is whether the conduct has "the *capacity* to deceive a substantial portion of the public." *Id.* (emphasis in original). Even accurate information may be deceptive "'if there is a representation, omission or practice that is likely to mislead.'" *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 895 (2009) (quoting *Sw. Sunsites, Inc. v. Fed. Trade Comm'n*, 785 F.2d 1431, 1435 (9th Cir. 1986)). Misrepresentation of the material terms of a transaction or the failure to disclose material terms violates the Washington CPA. *State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*, 553 P.2d 423, 432 (1976).

A recent Washington State Supreme Court decision, *Bain v. Metro. Mortg. Group, Inc.*, held that the decades-old practice of naming MERS as the beneficiary in Washington deeds of trust did not comply with the Washington DTA. 285 P.3d 34, 47. The *Bain* court further concluded that "characterizing MERS as the beneficiary has the capacity to deceive" within the meaning of the Washington CPA, creating a presumption that this first element is met. *Id.* at 51; *see also Burkart v. Mortgage Elec. Registration Sys., Inc.*, C11-1921RAJ, 2012 WL 4479577, at *4 (W.D. Wash. Sept. 28, 2012) ("The *Bain* court did conclude . . . that claiming to be the beneficiary on a deed of trust was a deceptive act within the meaning of the [Washington CPA].").

Ms. Massey alleges that she was deceived by the characterization of MERS as the beneficiary on the DOT in that she was not aware that "MERS would assign interest in the DOT to parties other than the Lender or rightful holder" of the Note. (Compl. at ¶ 3.13.) This allegation, taken as true for the purposes of the motions to dismiss, creates a presumption of a deceptive or unfair practice. *See Bain* 285 P.3d at 51. BANA and NWTS allege that there could be "no question . . . BANA was in fact the beneficiary" of the Note. (BANA Mot. at 6.) The court disagrees and concludes that the conflicting allegations raise a factual question that is inappropriate to determine at this stage. Ms. Massey has sufficiently alleged the first element of her CPA claim.

2. Public Interest Impact

NWTS also contends that Ms. Massey has failed to establish an impact on the public interest. (NWTS Mot. at 8-9.) However, "there is considerable evidence that MERS is involved with an enormous number of mortgages in the country (and our state), perhaps as many as half nationwide." *Bain*, 285 P.3d at 51 (citing John R. Hooge & Laurie Williams, *Mortgage Electronic Registration Systems, Inc.: A Survey of Cases Discussing MERS' Authority to Act*, NORTON BANKR. L. Advisory No. 8, at 21 (Aug. 2010)). Because the characterization of MERS as the beneficiary of a mortgage has the capacity to deceive a substantial portion of the public, then, at the motion to dismiss stage, the court reasonably infers that it would also have a broad public interest impact.

3. Injury

The Defendants argue that Ms. Massey cannot establish an injury under the Washington CPA because "[a]ny costs she may have incurred or humiliation suffered

ORDER- 10

were the direct result of her own failure to make payments on her loan." (BANA Reply at 6-7.) However, as the *Bain* court noted, "there are many different scenarios, such as when homeowners need to deal with the holder of the note to resolve disputes or to take advantage of legal protections, where the homeowner does need to know more and can be injured by ignorance." *Bain*, 285 P.3d at 51. Injury under the Washington CPA does not have to involve direct loss of money. *Nordstrom Inc. v. Tampourlos*, 733 P.2d 208, 210 (Wash. 1987). Reading the complaint in the light most favorable to Ms. Massey, the court concludes that determining whether Ms. Massey has been injured for the purposes of a CPA claim at this stage would be inappropriate. Based on the foregoing, BANA and NWTS's motions to dismiss Ms. Massey's CPA claim are denied.

**D.      Negligence and Breach of the Duty of Good Faith and Fair Dealing**

        1.      <u>Breach of the Duty of Good Faith and Fair Dealing</u>

"There is in every contract an implied duty of good faith and fair dealing. This duty obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." *Badgett v. Security State Bank*, 807 P.2d 356, 360 (Wash. 1991). However, the duty does not "inject substantive terms into the parties' contract," nor does it "extend to obligate a party to accept a material change in the terms of its contract." *Id.* (internal quotation marks omitted). Rather, the duty "requires only that the parties perform in good faith the obligations imposed by their agreement." *Id.* Accordingly, the duty is not "free-floating," but "exists only in relation to performance of a specific contract term." *Id.*

Ms. Massey contends that Defendants breached their implied covenant of good faith by withholding certain disclosures and notices, by failing to comply with certain standard underwriting procedures, and by purposely delaying Ms. Massey's attempts at modification of her loan. (Compl. ¶¶ 6.3-6.5.) The court concludes that Ms. Massey's claim should be dismissed "based on [Plaintiff's] failure to show which terms of the contract give rise to [the] claim for breach of the duty of good faith and fair dealing." *Chapel v. BAC Home Loans Serv., LP*, No. C11–5882BHS, 2012 WL 727135, at *4 (W.D. Wash. Mar. 6, 2012); *see also Schanne v. Nationstar Mortg., LLC*, No. C10–5753BHS, 2011 WL 5119262, at *4 (W.D. Wash. Oct. 27, 2011) ("Plaintiffs have failed to establish that [defendant] has breached any provision of the contract between the parties in foreclosing on the defaulted loan. Therefore, the Court grants [defendant's] motion on Plaintiffs' claim for breach of good faith and fair dealing because Plaintiffs have failed to state a cognizable legal theory."); *Gossen v. JPMorgan Chase Bank*, No. C11–05506 RJB, 2011 WL 4939828, at *7 (W.D. Wash. Oct. 18, 2011) (dismissing claim for breach of duty of good faith and fair dealing because plaintiffs "fail[ed] to identify any contract provision that [the bank] or [the trustee] failed to perform").

    2.    <u>Negligence</u>

The required elements for a claim of negligence are: (1) duty; (2) breach of that duty; (3) causation; and (4) damages. *Schooley v. Pinch's Deli Mkt., Inc.*, 912 P.2d 1044, 1046 (Wash. Ct. App. 1996) *aff'd*, 951 P.2d 749 (Wash. 1998). To establish her negligence claim, Ms. Massey asserts that "[t]he Defendants have failed, to exercise ordinary care under all of the circumstances, and as a direct and proximate cause of the

Defendants' negligence, the Plaintiff has sustained general and special damages, all in an amount to be proved at the time of trial." (Compl. at ¶ 6.2.) This statement is the only mention of a negligence claim against any of the defendants. It does not sufficiently establish any of the required elements of a negligence claim. Ms. Massey's response is similarly deficient. (*See* Resp. at 27-29.) Therefore, Ms. Massey's negligence claim is dismissed.

       3.    <u>Loan Modification</u>

Ms. Massey also argues that BANA had a duty to assist her in modifying her mortgage. (Compl. at ¶ 6.5.) BANA argues that it had no obligation to modify the terms of Ms. Massey's loan and that any failure on the part of BANA to work with Ms. Massey to modify the terms of her loan cannot serve as the basis for a lawsuit. (BANA Mot. at 16.) Because Ms. Massey has not referred to any contractual duty by BANA to modify her loan at her request, and because the court is satisfied that BANA's alleged actions in connection with Ms. Massey's attempt to modify her loan do not form the basis of any claim alleged in the complaint, this portion of Ms. Massey's claim is dismissed.

**E.    Injunctive Relief**

Ms. Massey is no longer asking for a preliminary injunction because the foreclosure sale has been cancelled. (Resp. at 30.) As such, Ms. Massey's claim for injunctive relief is dismissed without prejudice. If foreclosure proceedings are reinitiated, Ms. Massey may avail herself of all of the protections of the Washington DTA and seek injunctive relief.

**F.   Declaratory Judgment**

To establish a claim for declaratory relief, there must be: (1) a substantial controversy, (2) between two parties having adverse legal interests, (3) of sufficient immediacy and reality to warrant an issuance of declaratory judgment. *Evers v. Dwyer*, 358 U.S. 202, 203 (1958). Even assuming that the first two elements have been met, since the foreclosure sale has been cancelled (Resp. at 30) the controversy is not of sufficient immediacy to warrant an issuance of declaratory judgment. Therefore, Ms. Massey's claim for declaratory judgment is dismissed. As with Ms. Massey's claim for injunctive relief, if the foreclosure process is reinitiated, she may avail herself of all of the protections and procedures of the Washington DTA.

**G.   Slander of Title**

A slander of title action requires: (1) a publication of a false statement disparaging the claimant's title; (2) the statement must be maliciously published; (3) the statement must be spoken with reference to some pending sale or purchase of the plaintiff's property; (4) the plaintiff must suffer pecuniary loss as a result of the false statement; and (5) the statement must be such as to defeat the plaintiff's title. *Rorvig v. Douglas*, 873 P.2d 492, 496 (Wash. 1994).

Ms. Massey's complaint and response do not establish, in any way, that any of the Defendants published any false statements disparaging the title maliciously. Ms. Massey's complaint reads:

> All the Defendants have promoted forged, fraudulent, deceptive, erroneous and/or void instruments of title, assignments of beneficial interest in title and appointments of trustees, and said instruments have been filed in

ORDER- 14

      the official records of the King County Recorder's office, placing a cloud upon the Plaintiff's title to the subject real property. As a direct and proximate cause of the Defendants' actions the Plaintiff has sustained general and special damages, in an amount to be proved at the time of trial.

(Compl. at ¶ 9.2) The court cannot infer, from this paragraph and the subsequent response that either defendant took any of the alleged actions with malice. (*See id.*; Resp. at 31-32.) Therefore, Ms. Massey's claim for slander of title is dismissed.

## H.    Quiet Title

A quiet title claim against a mortgagee requires an allegation that the mortgagor is the rightful owner of the property, that is, that the mortgagor has paid an outstanding debt secured by the mortgage. *See Kelley v. MERS, Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). Ms. Massey does not contend that she has paid the debt owed on the Loan. Instead, it is clear that the Loan has an outstanding balance owed by Ms. Massey to BANA. (Resp. at 18.) Thus, Ms. Massey cannot show the required prerequisite for a quiet title action, and the court dismisses the claim.

## I.    Predatory Lending

As her final claim for relief, Ms. Massey refers to several predatory lending indicators. (Resp. at 33.) Ms. Massey, however, cites no authority in support of "predatory lending" as a claim for relief. (*See generally* Compl.; Resp.) Because predatory lending does not exist as a cause of action in Washington State, this portion of Ms. Massey's complaint is dismissed without leave to amend. *See Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir.1984); s*ee also Kwai Ling Chan v. Chase Home Loans Inc.*, C12-0273JLR, 2012 WL 1252649, at *9 (W.D. Wash. Apr. 13,

2012) ("The court was unable to uncover any authority for the existence of [a predatory lending] cause of action in Washington either. Accordingly, the court dismisses this claim.").

## IV. CONCLUSION

Based on the foregoing, the court GRANTS in part and DENIES in part BANA and NWTS's motions to dismiss (Dkt. ## 12, 14). The court dismisses Ms. Massey's wrongful foreclosure, breach of the duty of good faith and fair dealing, negligence, injunctive relief, declaratory relief, slander of title, and quiet title claims without prejudice. The court GRANTS Ms. Massey leave to file an amended complaint within 14 days of the entry of this order. Furthermore, the court dismisses Ms. Massey's predatory lending claim without leave to amend. Finally, the court DENIES BANA and NWTS's motions with respect to Ms. Massey's Washington CPA claim.

Dated this 26th day of October.

/s/ James L. Robart
JAMES L. ROBART
United States District Judge