UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CINDY T. MASSEY, | CASE NO. C12-1314JLR |
| Plaintiff, | ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |
| v. | |
| BAC HOME LOANS SERVICING LP, et al., | |
| Defendants. | |

## I.   INTRODUCTION

This matter comes before the court on Defendant Northwest Trustee Services, Inc.'s ("Northwest Trustee") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  (Mot. (Dkt. # 49).)  Plaintiff Cindy T. Massey claims that Northwest Trustee's conduct in connection with the nonjudicial foreclosure proceedings on her property violates the Washington Consumer Protection Act ("CPA").  Ms. Massey has not filed an opposition to Northwest Trustee's motion for summary judgment.  The court

ORDER- 1

1  has considered Northwest Trustee's motion, all submissions filed in support, the

2  applicable law, and the balance of the record.  Being fully advised, the court GRANTS

3  Northwest Trustee's motion.

4                          **II.   BACKGROUND**

5          On June 12, 2008, Ms. Massey executed a $357,200.00 Interest-Only Period Fixed

6  Rate Note ("Note") to finance her residence in Duvall.  (Mot. Ex. 1.)  The Deed of Trust

7  ("DOT") securing the Note identifies Countrywide Bank, FSB ("Countrywide") as the

8  lender, LS Title of Washington as the trustee, and Mortgage Electronic Registration

9  Systems, Inc. ("MERS") as the beneficiary and "nominee of the lender and lender's

10 successors and assigns."  (Mot. Ex. 2 at 2-3.)  Shortly after Ms. Massey obtained her

11 mortgage, Countrywide was purchased by Bank of America, N.A. ("BANA"); BANA

12 then merged with BAC Home Loans Servicing, L.P. ("BAC").  (11/21/12 Mot. (Dkt. #

13 32) at 3.)  On November 19, 2010, MERS assigned its interest in the DOT to BAC.

14 (Mot. Ex. 3.)  Northwest Trustee was appointed as successor trustee.  (8/14/12 Mot. (Dkt.

15 14-3).)  After Ms. Massey defaulted on her loan, (Compl. (Dkt. # 1-1.) ¶ 3.9), Northwest

16 Trustee filed a Notice of Trustee's Sale and then an Amended Notice of Trustee's Sale.

17 (Mot. Ex. 7; Mot. Ex. 8.) The sale was discontinued upon the filing of this action.

18 (9/12/12 Resp. (Dkt. # 20) at 7.)

19         Ms. Massey's original and amended complaints alleged various statutory and

20 common law causes of action.  (*See* Compl; Am. Compl. (Dkt. # 29).)  After two orders

21

22

1    granting in part and denying in part Defendants'[1] motions to dismiss (*see* Dkt. ## 27, 37),

2    only Ms. Massey's CPA claim remains for adjudication.  Northwest Trustee now moves

3    for summary judgment with respect to Ms. Massey's remaining CPA claim.  (*See* Mot.)

### III.   ANALYSIS

5    **A.    Legal Standards**

6          Under Federal Rule of Civil Procedure 56, "[s]ummary judgment for a defendant

7    is appropriate when the plaintiff fails to make a showing sufficient to establish the

8    existence of an element essential to that party's case, and on which that party will bear

9    the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also*

10    Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of showing there is "no

11    genuine issue as to any material fact" and he or she is entitled to prevail as a matter of

12    law. *Celotex*, 477 U.S. at 323.  A genuine issue exists when a rational fact finder,

13    considering the evidence currently in the record, could find in favor of the non-moving

14    party. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).  A fact is material if it might affect

15    the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

16          If the moving party meets its burden, the nonmoving party must go beyond the

17    pleadings and identify facts that show a genuine dispute for trial. *See Cline v. Indus.*

18    *Maint. Eng'g. & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000).  Specifically, the

19    non-moving party must provide more than a mere "scintilla" of favorable evidence.

20

21    [1] The other Defendants, who are not parties to this motion for summary judgment, include BAC Home Loans Servicing, LP, (formerly known as Countrywide Bank, FSB), Federal Home Loan Mortgage Corporation,  Mortgage Electronic Registration Systems, Inc.,

22    MERSCORP, Inc., and John Does Nos. 1-25.  (*See* Am Compl.)

ORDER- 3

1    *Anderson*, 477 U.S. at 252.  The court will, however, resolve all doubts and draw all

2    reasonable inferences in the non-moving party's favor.  *See Beard v. Banks*, 548 U.S.

3    521, 530-31 (2006).  If the moving party fails to carry its initial burden of production, the

4    opposing party has no obligation to produce countervailing evidence.  *See Nissan Fire &*

5    *Marine Ins. Co. Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

6          Ordinarily, under this district's local rules "[i]f a party fails to file papers in

7    opposition to a motion, such failure may be considered by the court as an admission that

8    the motion has merit."  Local Rules W.D. Wash. LCR 7(b)(2).  In the summary judgment

9    context, however, "a nonmoving party's failure to comply with local rules does not

10   excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement

11   to judgment as a matter of law."  *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir.

12   2003) (citing Fed. R. Civ. P. 56).

13   **B.    CPA Claim**

14         To prevail on a CPA claim, Ms. Massey must show "(1) [an] unfair or deceptive

15   act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury

16   to plaintiff in his or her business or property; and (5) causation."  *Hangman Ridge*

17   *Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986).

18   Northwest Trustee argues that Ms. Massey has failed to produce evidence that would

19   create a genuine factual dispute to warrant proceeding to trial.  (Mot. at 5.)  Specifically,

20   Northwest Trustee contends that (1) Ms. Massey has failed to identify an unfair or

21   deceptive practice by Northwest Trustee; (2) Ms. Massey has failed to identify how

22   Northwest Trustee's conduct impacts the public interest; and (3) Ms. Massey has failed to

1    identify any injuries Northwest Trustee caused her.  (*Id.* at 6-12.)  Northwest Trustee's

2    arguments are addressed in turn below.

3        1.  Deceptive Act or Practice

4        Northwest Trustee argues that Ms. Massey cannot identify a deceptive act or

5    practice by Northwest Trustee.  (Mot. at 6.)  In *Bain v. Metropolitan Mortgage Group,*

6    *Inc.*, 285 P.3d 34, 50-51 (Wash. 2012), the Washington Supreme Court held that

7    characterizing MERS as a beneficiary on a deed of trust when MERS is not a proper

8    beneficiary under Washington state law presumptively meets the first element of a CPA

9    claim.  Although Northwest Trustee did not characterize MERS as a beneficiary on the

10   DOT, a review of the record shows that Northwest Trustee did execute and publish a

11   Notice of Trustee's Sale and Amended Notice of Trustee's sale identifying MERS as the

12   beneficiary.  (Mot. Ex. 7;  Mot. Ex. 8.)  Courts applying the holding of *Bain* in the

13   context of trustees have held that a trustee's misrepresentations of MERS's status as

14   beneficiary can fulfill the first element of a CPA claim.  *See McDonald v. OneWest Bank,*

15   *FSB*, 929 F. Supp. 2d 1079, 1097 (W.D. Wash. 2013); *Walker v. Quality Loan Serv.*

16   *Corp.*, 308 P.3d 716, 727-28 (Wash. Ct. App. 2013).  Here, viewing the evidence in the

17   light most favorable to the non-moving party, Northwest Trustee's characterization of

18   MERS as the beneficiary could meet first element of Ms. Massey's CPA claim.

19   Therefore, Northwest Trustee cannot obtain summary judgment on this basis.

20       2.  Public Interest Impact

21       Next, Northwest Trustee argues that Ms. Massey has failed to establish the public

22   interest element of her CPA claim because any potential unfair or deceptive acts

1    Northwest Trustee engaged in were exclusively directed at her personally and therefore

2    did not have the capacity to deceive a substantial portion of the public. (Mot. at 9.) The

3    court in *Bain* rejected an identical argument made by MERS, and held instead that the

4    public interest element was met given the enormous amount of mortgages MERS is

5    involved with in Washington State. *Bain*, 285 P.3d at 51. Similarly, Northwest Trustee

6    plays a substantial role in the mortgage industry in this state, and the practice of

7    representing MERS as beneficiary is "in no way unique to plaintiff but rather affect[s] the

8    general borrowing public." *McDonald*, 929 F. Supp. 2d at 1097. Accordingly,

9    Northwest Trustee cannot obtain summary judgment on this basis either.

10        3.  Injury and Causation

11        Lastly, Northwest Trustee argues that Ms. Massey has not identified an injury that

12    was caused by Northwest Trustee's characterization of MERS as beneficiary. (Mot. at

13    12.) Under the CPA, "the injury requirement is met upon proof the plaintiff's property

14    interest or money is diminished because of the unlawful conduct. *Panag v. Farmers Ins.*

15    *Co. of Wash.*, 204 P.3d 885, 899 (Wash. 2009). Additionally, "plaintiff must establish

16    that, but for the defendant's unfair or deceptive practice, the plaintiff would not have

17    suffered an injury." *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 170

18    P.3d 10, 22 (Wash. 2007). Cognizable injuries may include "[i]nvestigative expenses,

19    taking time off from work, travel expenses, and attorney fees." *Id.*

20        In determining whether specific facts show there is a genuine issue for trial, the

21    court is "not required to comb the record to find some reason to deny a motion for

22    summary judgment." *Forsberg v. Pacific N.W. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th

Cir. 1988).  At this point, Ms. Massey has alleged that she "has had to spend vast amounts of time, make calls, office visits, consult with attorneys and even had to have an audit of the loan documents and the servicing of her note to try and determine who to talk to about his [sic] loan."  (Dkt. # 33 at 25.)  A review of the existing record, however, reveals no evidence showing that Northwest Trustee's designation of MERS as beneficiary caused Ms. Massey any cognizable injury.

For instance, during her July 16, 2013, deposition, Ms. Massey asserts that Northwest Trustee's posting of the Notice of Sale caused her "embarrassment and humiliation." (Mot. Ex. 9 (Massey Dep.) at 31.)  However, personal injuries such as "mental distress, embarrassment, and inconvenience are not recoverable under the CPA." *Panag*, 204 P.3d at 899.  Ms. Massey also claims injury from her bankruptcy filing and the subsequent damage to her creditworthiness.  (*Id.*)  However, Ms. Massey concedes that none of these injuries are attributable to Northwest Trustee's conduct.  (*Id.*)  Ms. Massey also claims that she had to sell her car as a result of her financial troubles, but she cannot articulate any monetary damages she incurred as a result or how Northwest Trustee's allegedly deceptive acts were responsible for her financial troubles.  (*Id.* at 32-33.)  Finally, Ms. Massey claims damages for having to hire a lawyer to file this lawsuit. (*Id.* at 31-32.)  But the cost of hiring an attorney to institute a CPA claim is not, by itself, a cognizable injury.  *Panag*, 204 P.3d at 902.  Because Ms. Massey has not demonstrated that her attorney costs were incurred for any other reason than to initiate the present suit, she cannot fulfill the injury and causation elements of her CPA claim on this basis.  *See id.*

1    Although Ms. Massey pled sufficient factual allegations to withstand motions to

2    dismiss her CPA claim, (*see* Dkt. ## 27, 37), she is now required "to go beyond the

3    pleadings and . . . designate specific facts showing that there is a genuine issue for trial."

4    *Celotex*, 477 U.S. at 323-24 (internal quotation marks omitted).  But Ms. Massey has not

5    identified any facts that would substantiate the injury and causation elements of her CPA

6    claim against Northwest Trustee.  Because she has "fail[ed] to make a showing sufficient

7    to establish the existence of an element essential to [her] case, and on which [she] will

8    bear the burden of proof at trial," *id.* at 322,  Northwest Trustee is entitled to summary

9    judgment in its favor.

10                             **IV.    CONCLUSION**

11        For the reasons set forth above, the court GRANTS Defendant Northwest

12    Trustee's motion for summary judgment (Dkt. # 49).

13        Dated this 15th day of October, 2013.

14

15

16    _____

17    JAMES L. ROBART
      United States District Judge

18

19

20

21

22

ORDER- 8